IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER HUITT,<br><br>Defendant. | Case No. CR-07-90-S-BLW<br><br>MEMORANDUM and ORDER<br>RE: MOTION TO SUPPRESS<br>and MOTION TO STRIKE |

The Court hereby DENIES Defendant's Motion to Suppress (Docket No.

13). The Court previously ordered that the Motion would be submitted on the

briefs and record, without oral argument. *See* Docket No. 16. The Court also

hereby DENIES the Government's Motion to Strike Defendant's Reply Brief

(Docket No. 20). Accordingly, the Court enters the following Memorandum

Decision and Order.

**BACKGROUND**

In January of 2005, the Federal Bureau of Investigations ("FBI") began a

nearly year-long investigation regarding various "cybertips" it had received about

graphic messages found in Yahoo! chat rooms. The messages solicited contact

from individuals who have sexual intercourse with children and from individuals

interested in the violent sexual assault of children.  The FBI discovered that the messages were from an individual using the screen names "voyager83709" or " voyager 837009" and the email address j68tb@aol.com.

Following the receipt of one of the "cybertips," an analyst went to " voyager83709"'s Yahoo! profile section and found the age and email address of the user.  The analyst also visited the "voyager 837009" Yahoo! profile, found the age of the user, and looked at the user's Yahoo! photos section.  The analyst identified two photos in the user's photo section as known images of child pornography.

In addition, Yahoo! submitted two "cybertips" relating to information about photos maintained at a Yahoo! web address and reported that the "suspect information" was email address: j68tb@aol.com; screen/user name: voyager837009; Internet Protocol (IP) address: 67.42.161.29.  Each "cybertip" generated from Yahoo! also provided information relevant to photographs maintained in the Yahoo!Photos web adddress for "voyager837009."  Of 67 images of suspected child pornography located at the web address, six of the known images were identified as child pornography.  The upload date for the images was June 5, 2005, 10:50pm, PDT.  An analyst's further search identified the owner of IP address 67.42.161.29 as Qwest in Boise, Idaho.

An FBI analyst thereafter subpoenaed Yahoo! requesting subscriber

information and records for Yahoo! screen name "voyager837009." From the information, the FBI learned that "voyager837009 had an alternate email address of j68tb@aol.com and resided in Boise, Idaho, zip code 83709. The FBI also learned that "voyager837009" had logged in on August 27, 2005 at 23:37:46, GMT, using IP address 67.42.161.21. The FBI investigated this particular log-in with Qwest Communications ("Qwest"). Qwest provided the user ID, name, telephone number, billing information, and address of the subscriber who had logged in on August 27, 2005 at 23:37:46 GMT with IP address 67.42.161.21.

The FBI next subpoenaed information from America Online ("AOL") and learned that the telephone number and address for user "j68tb" were the same as those provided by Qwest. Thereafter, FBI Special Agent Mary Martin ("Agent Martin") obtained Idaho motor vehicles information for vehicles registered at the address received from Qwest and AOL. Among the adult males with cars registered at that address was the Defendant, who was the same age as indicated on the Yahoo! user profile for "voyager83709" and "voyager837009." Agent Martin also telephoned the residence using the telephone number provided by both Qwest and AOL. A female who had answered the phone call indicated that she did not know much about the Internet and suggested that Agent Martin call back when " Chris" was at the residence. Agent Martin also confirmed that the residents at the

address used AOL for their email services and that it was the residence of the subscriber provided by Qwest and AOL.

On December 8, 2005, Agent Martin presented a 19-page search warrant affidavit and application to a magistrate judge in support of a warrant authorizing the search of the residence at the address provided by Qwest and AOL and seizure of any computer-related items in the residence. The magistrate judge issued the warrant that same day after reviewing: a) the "Affidavit in Support of Search Warrant," b) "Attachment A" of the Affidavit, which contained the list of items to be seized, and c) "Attachment B" of the Affidavit, which described the property to be searched. On December 9, 2005, Agent Martin and others executed the warrant at the residence and seized several computers and hard drives. On the computers and hard drives, identified by family members of the Defendant as the Defendant's, a computer forensic examiner found numerous images of suspected child pornography, including several images uploaded on June 5, 2005, to the Yahoo! web address of "voyager837009." The computer forensic examiner also found hundreds of graphic chats under the screen names of "voyager83709" and " voyager837009" advocating the sexual assault of children.

On April 10, 2007, a federal grand jury returned a four-count indictment against the Defendant, charging him with one count each of distributing child

pornography, in violation of 18 U.S.C. § 2252(a)(2); receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2); possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4); and forfeiture, under 18 U.S.C. § 2253(a)(1) and (3).

## DISCUSSION

### I. Motion to Strike Defendant's Reply Brief

The Government filed a Motion to Strike Defendant's Reply Brief on the grounds that it was filed five days after the applicable deadline and that it exceeded the appropriate page limitations, without the express leave of the court.

District of Idaho Local Criminal Rule 12.1(a) states that: "[a]t the arraignment, the magistrate judge . . . shall set cutoff dates for the filing of . . . pretrial motions . . . in accordance with the Criminal Procedural Order approved by the Court.  These dates will be strictly adhered to unless an extension of time is granted by the Court upon good cause shown."  Also, District of Idaho Local Civil Rule 7.1(a)(2) states that a reply brief shall not "exceed ten (10) pages in length, without express leave of the Court which will only be granted under unusual circumstances."  District of Idaho Local Criminal Rule 1.1(f) provides that "[a]ll general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal

Practice." Upon review of the record, the Court finds that the Defendant did not request an extension of time to file a reply brief and that no good cause has been shown. Additionally, the Defendant did not request express leave to exceed the page limit, and the Court finds no unusual circumstances demonstrating that such leave should be granted.

The Defendant argues that the Government has not been prejudiced by the reply brief. In reviewing the local rules for the United States District Court for the District of Idaho, however, this Court finds no requirement regarding a demonstration of prejudice.

Given, however, the Court's decision herein on the Motion to Suppress, the Court wanted to give the Defendant every benefit of the doubt. The Court therefore reviewed the Defendant's reply brief in making a decision on the Motion to Suppress. The Government's Motion to Strike Defendant's Reply Brief is therefore denied. In making this decision, the Court holds further that this decision is not precedent as to a party's actions in the future.

## II. Motion to Suppress Evidence

Under the Fourth Amendment to the United States Constitution, "a magistrate may authorize a search of a location only if officers establish probable cause to believe evidence of a crime may be found there." *United States v. Hill,*

459 F.3d 966, 970 (9th Cir. 2006). "Probable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the circumstances." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Both Supreme Court and Ninth Circuit law reject "confus[ing] the relaxed standard of 'fair probability' with the higher standards imposed at trial." *United States v. Gourde*, 440 F.3d 1065, 1073 (9th Cir. 2006) (en banc) (citing *Gates*, 462 U.S. at 235) ("Finely-tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision."). In addition, "the Supreme Court requires neither a prima facie showing nor an affidavit containing facts that make it "more likely true than false" that [the defendant] possessed child pornography. *Id.* (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

This Court must therefore determine whether, under the totality of the circumstances, Agent Martin's affidavit established a fair probability that child pornography or evidence thereof would be found at the Defendant's residence. This Court agrees with the magistrate judge that the affidavit did establish the requisite probable cause.

**A. The Affidavit Established the Necessary Probable Cause to Search All Computers and Related Media at the Defendant's Residence.**

Examined as a whole, the information obtained by Agent Martin supported a finding that there was a "fair probability" that the computer that had posted images of child pornography to the Yahoo!Photos folder for "voyager837009" would be located at the Defendant's residence. Agent Martin's affidavit included all of the information obtained by the FBI. That information matched the Defendant's residence to the subscriber information of the account which posted the images.

The affidavit also detailed the various "cybertips" about an individual soliciting contact from others interested in sexually assaulting children. The tips included information that the individual used the Yahoo! Chat Room screen names "voyager83709" or "voyager837009"; that the individual claimed to be 20 and then 21 beginning in at least August, 2005 (just after the Defendant would have turned 21); and that the individual used the email address of j68tb@aol.com. In addition, the "cybertips" included information that "voyager837009" had a photo album that contained known images of child pornography. Agent Martin, in her affidavit, described two of the known images of child pornography found in " voyager837009"'s photo album. Therefore, Agent Martin's affidavit established that images of child pornography had been posted to the internet by an individual with the screen name of "voyager837009." The affidavit also established that the individual was closely associated with "voyager83709" by screen name, age, email

address, and graphic manner of soliciting online contact by individuals interested in the violent sexual assault of children.

Additionally, Agent Martin detailed the steps taken to connect " voyager837009" to the Defendant's residence.  The affidavit discussed how FBI analysts identified the source of the known images of child pornography by:  a) learning that the IP address associated with the images belonged to Qwest in Boise, Idaho; b) that "voyager837009" had an alternate email address of j68tb@aol.com; and c) that "voyager837009" resided in Boise, Idaho.  The affidavit also discussed how "voyager837009" had logged in at an IP address for which Qwest provided subscriber information, including a street address, telephone number, and several screen names, including j68tb.  The affidavit further explained how Idaho Department of Motor Vehicle records placed a male at the address provided by Qwest whose age was consistent with the reported age of "voyager83709" and " voyager837009."

Agent Martin's affidavit also detailed why it was necessary to seize the entire computer system.  *See United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000) (noting the importance of including in the affidavit an explanation that the whole computer system needed to be seized because officers were unsure where on the computer the child pornography was stored and because of the time, expertise,

and controlled environment required for a proper analysis); *see also Hill*, 459 F.3d at 975.

Lastly, Agent Martin specifically explained in the affidavit why such broad search and seizure authority would be reasonable. On pages eight and nine of the " Affidavit in Support of Search Warrant," Agent Martin discusses the "Specifics of Search and Seizure of Computer Systems." Included in that section of the affidavit are statements similar to those in *Hay*, describing why it was necessary to seize the entire computer system in order to examine the electronic data. The affidavit therefore justified taking the entire system off site because of the time, expertise, and controlled environment required for a proper analysis.

This Court concludes that the affidavit contained sufficient facts to support the magistrate's finding that there was a "fair probability" that the Defendant's residence contained evidence that violated 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4). The affidavit also sufficiently justified a warrant allowing agents to seize the entire computer system.

**B. The Inclusion of General Descriptions of Collectors of Child Pornography Within the Affidavit Did Not Preclude a Finding of Probable Cause.**

The Defendant attacks the validity of the warrant on the basis that Agent Martin's affidavit contained general descriptions of the behavioral characteristics

of child pornography collectors, but did not lay any foundation that the Defendant

fit into such a group.  The Defendant relies on *United States v. Weber*, 923 F.2d

1338 (9th Cir. 1991), where the court held a warrant to be improper because the

agent seeking the warrant never laid a foundation that the defendant fit into one of

the categories stated in the affidavit, specifically that of child pornography

collector. *Id*. at 1345.

The Ninth Circuit Court of Appeals, however, has repeatedly distinguished

*Weber* and made clear that "the question is whether contraband is likely to be on

the suspect's computer, not whether the affidavit shows that the defendant did or

did not fall within the class of persons likely to collect child pornography." *See*

*United States v. Kelley*, 482 F.3d 1047, 1054 (9th Cir. 2007) (citing *United States*

*v. Hay*, 231 F.3d 630, 635 (9th Cir. 2000) for this proposition).  Rather, "details

provided on the use of computers by child pornographers and the collector profile

strengthen and help 'provide[ ] context' for the 'fair probability' that [the defendant]

received or downloaded images." *Gourde*, 440 F.3d at 1072 (citing *Hay*, 231 F.3d

at 636) (reasoning that the collector profile "form[ed] the basis upon which the

magistrate judge could plausibly conclude that those files were still on the

premises").

The affidavit in this case is similar to the affidavit in *Hay*, distinguishable

from the affidavit submitted in *Weber*. *See Hay*, 231 F.3d at 634 (noting that the

affidavit was distinguishable because "[i]t contain[ed] a good deal of evidence

from which the magistrate judge could conclude that the 19 files transmitted via

FTP to Hay's Internet address would be found on Hay's computer system."). The

affidavit in this case did not rely solely on "boilerplate" language regarding how

child pornography collectors behave. The affidavit instead included all of the

information detailed in Section A above, which clearly established a fair

probability that child pornography would be found on a computer at the Defendant'

s residence. The inclusion of general descriptions of collectors of child

pornography in the affidavit did not negate this probable cause. It merely provided

a "basis upon which the magistrate judge could plausibly conclude that those files

were still on the premises." *Hay*, 231 F.3d at 636.

## C. Agent Martin's Background Information on Computers Was Sufficient For the Magistrate Judge to Make a Probable Cause Finding.

The Defendant contends that the affidavit did not establish probable cause to

search the Defendant's residence, because Agent Martin did not lay any foundation

that the information about the computers and IP addresses was correct. However,

the Ninth Circuit recently declined to impose such a strict standard in a similar

case. *See Gourde*, 440 F.3d at 1067-69. In *Gourde*, the FBI executed a search

warrant after it obtained evidence from a credit card processing company that the

email address of a known subscriber to a pornographic website and the

corresponding home address were those of the defendant. *Id.* at 1067-68. The

supporting affidavit contained extensive background information on computers and

the use of computers in child-pornography activities. *Id.* at 1068. The affidavit

also included, based on the experience of the Special Agent and that of other FBI

experts, "how collectors and distributors of child pornography use the free email

and online storage services of Internet portals such as Yahoo! and Hotmail, among

others, to operate anonymously because these websites require little identifying

information." *Id.* In an en banc decision, the court affirmed the district court's "

common sense" approach and concluded that the magistrate judge correctly denied

the defendant's motion to suppress by determining that there was a fair probability

the defendant's computer contained evidence of child pornography. *Id.* at 1069,

1071-72.

The affidavit in this case similarly provided detailed information concerning

website and internet operations based on the experience of Special Agent Martin

and that of other FBI analysts. The affidavit showed how evidence was obtained

that a particular user name/screen name and email address were associated with the

individual uploading items of child pornography, how the email address was

identified in the Qwest subscription information as originating from the residence

of the Defendant, and how the email address was identified in the AOL

subscription information as originating from the defendant's residence. In

addition, the affidavit in this case included, based on the experience of Agent

Martin and that of other FBI analysts, how collectors and distributors of child

pornography use Internet portals such as Yahoo! to operate. The affidavit explains

in detail how the email address and screen name were associated with the items of

child pornography and the Defendant's residence.

The Defendant argues that possible inaccuracies in Agent Martin's affidavit

regarding the definitions of "Internet Protocol Address" and other related terms

invalidate the affidavit. The Defendant additionally states his concern that the

affidavit does not address "spoofing." *See* Christopherson Aff. 4 (stating that "IP

address spoofing is the forging of another user's IP address to conceal ones identity

of location on a network" and that it "can lead to internet users believing that one

internet user is a particular person, when in fact they are an entirely different

person"). Because this type of information is so highly technical, the Defendant

alleges that it requires that a proper foundation be laid that the information is

accurate. That the information in the affidavit is accurate, however, is not what is

required. As discussed previously, probable cause requires only a "fair probability,

" not certainty, that the items sought will be in the location to be searched. *Hill*, 459 F.3d at 970. Therefore, the magistrate judge correctly concluded that the search warrant application was supported by probable cause.

## D.    Agent Martin's Affidavit Was Objectively Reasonable.

The United States Supreme Court, in *United States v. Leon*, 468 U.S. 897 (1984), stated that "[s]uppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Id.* at 923 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

This memorandum has established in the preceding sections that the magistrate judge had probable cause to issue a warrant. Because the issue was addressed by the parties, however, this Court finds that a review of Agent Martin's affidavit shows that Agent Martin acted objectively reasonable when she presented the affidavit to the magistrate. Agent Martin relied on her FBI training in the investigation of child pornography cases, on computer and technical information provided to her by the FBI, Innocent Images Unit, and on her experience in using similar information about child pornography collectors, computers, and Internet Protocol addresses in other search warrant affidavits. Additionally, Agent Martin

relied on Internet Protocol address information provided by Yahoo! and on

physical address information provided by Qwest and AOL.  There is no indication

that Agent Martin acted with a reckless disregard of the truth or that she had any

reason to doubt her allegations.  As the Court stated in *Gourde*, "the affidavit

candidly described that the FBI had seized the owner's computer, a fact that figured

into the totality of the circumstances analysis.  Nothing suggests that the

government intentionally or recklessly omitted any facts. . . ."  Gourde, 440 F.3d at

1073 n.5.  Therefore, because there was no information in the affidavit that would

cause the magistrate judge to be misled, suppression is not an appropriate remedy.

## CONCLUSION

The Ninth Circuit Court of Appeals recently held that "[a]s *Gates*, *Gourde*

and *Hay* emphasize, a location such as the Defendant's computer can be searched

for evidence of a crime even if there is no probable cause for arrest, or a prima

facie showing of criminal activity, let alone proof sufficient to prosecute a criminal

case beyond a reasonable doubt, or even to prevail under the civil burden that it is

more likely true than not that he knowingly received or possessed child

pornography." *Kelley*, 482 F.3d at 1055; *see Gates*, 462 U.S. at 235; *Gourde*. 440

F.3d at 1072-73; *Hay*, 231 F.3d at 635.  A magistrate judge is "only required to

answer the 'commonsense, practical question whether there is 'probable cause' to

believe that contraband or evidence is located in a particular place' before issuing a search warrant." *Gourde*, 440 F.3d at 1069 (citing *Gates*, 462 U.S. at 230).

Additionally, Supreme Court and Ninth Circuit law clearly provide that a magistrate may issue a search warrant if officers establish a fair probability that evidence of a crime will be found in the location to be searched. *See Hill*, 459 F.3d at 970 (citing *Gates*, 462 U.S. at 238). In this case, Agent Martin's affidavit described, in detail, the FBI's investigation tying a computer at the Defendant's address with child pornography. Thus, the magistrate judge correctly concluded that probable cause existed to search the Defendant's residence and seize computer equipment found there. Neither the affidavit's inclusion of general descriptions of child pornography collectors nor the affidavit's exclusion of certain information regarding IP addresses negated the magistrate judge's finding that probable cause existed. This Court therefore concludes that the affidavit contained sufficient facts to support the magistrate's finding that there was a "fair probability" that the Defendant's residence contained evidence that child pornography, or that evidence thereof would be found at the Defendant's residence. This Court agrees with the magistrate judge that the affidavit did establish the requisite probable cause for the issuance of a warrant. The Defendant's Motion to Suppress is therefore denied.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED Defendant's Motion to

Suppress (Docket No. 13) is DENIED and Government's Motion to Strike

Defendant's Reply Brief (Docket No. 20) is DENIED.



DATED:  August 17, 2007

Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge